UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:20-cv-1373

OSCAR ZAMORA,

       **Plaintiff,**

v.

RESTAURANT SUSHI SASA, LLC,
SASA ON THE HILL, LLC, and
WAYNE ROY CONWELL, an individual,

       **Defendants.**

# COMPLAINT

## INTRODUCTION

1. Plaintiff Oscar Zamora ("Plaintiff") worked as a cook for Defendants' restaurant for over four years. During this time, Defendants engaged in an elaborate scheme of changing the quantity of his hours worked on his paystub to make it look like he was being paid overtime when in fact he was not.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Restaurant Sushi Sasa, LLC, Sasa on the Hill, LLC, and Wayne Roy Conwell, an individual, recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Order").

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' restaurant located at 2401 15th Street, Suite 80, Denver, CO 80202, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Corporate Defendants

6. Defendant Restaurant Sushi Sasa, LLC (hereinafter "Sushi Sasa") is a corporation doing business within Denver County, whose principal place of business is located at 2401 15th Street, Suite 80, Denver, CO 80202. Its registered agent is listed with the Colorado Department of State as Wayne Roy Conwell with an address of 1565 South Clayton Street, Denver, CO 80210.

7. Defendant Restaurant Sushi Sasa, LLC operates a restaurant doing business as "Sushi Sasa" located at 2401 15th Street, Suite 80, Denver, CO 80202.

8. Defendant Sasa on the Hill, LLC is a corporation doing business within Denver County, and whose principal place of business is located at 2401 15th Street, Suite 80, Denver, CO 80202. Its registered agent is listed with the Colorado Department of State as Wayne Conwell at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 2

9. Defendant Sasa on the Hill, LLC operates a restaurant doing business as "Sushi Sasa" located at 2401 15th Street, Suite 80, Denver, CO 80202.

10. Tai Tai Japanese Hawaiian, LLC is a corporation doing business within Denver County, and whose principal place of business is located at 1565 S. Clayton St., Denver, CO 80210. Its registered agent is listed with the Colorado Department of State as Wayne Conwell at the same address.

11. Tai Tai Japanese Hawaiian, LLC operates a restaurant doing business as "Tai Tai Japanese Hawaiian" located at 5078 E. Hampden Ave, Den, CO 80222.

12. Tai Tai Japanese Hawaiian is an additional restaurant related to Defendant Sushi Sasa. In addition to having common ownership, the two locations share resources, including but not limited to their website hosting. At all relevant times, the business activities of these two restaurants were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants' annual gross revenues were in excess of $500,000.

14. At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

15. Upon information and belief Defendants purchase supplies, equipment and other necessary items to run its restaurant and serve its customers from out of state vendors selling such supplies and equipment originating outside the state of Colorado. Further, Defendant Sushi Sasa advertises its restaurant to the entire world on the internet at http://taitaijapanese.com/sushi-sasa-redirect/. Defendants also accept payments by credit

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 3

cards and, upon information and belief, utilize the phone and internet lines to accept and transmit payments.

16. At all times material to this action, Sushi Sasa was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Wayne Roy Conwell**

17. Defendant Wayne Roy Conwell, an individual, resides at 1565 South Clayton Street, Denver, CO 80210, in Denver County, upon information and belief.

18. Defendant Conwell has an ownership interest in and/or is a shareholder of Restaurant Sushi Sasa, LLC.

19. Defendant Conwell has an ownership interest in and/or is a shareholder of Sasa on the Hill, LLC.

20. Defendant Conwell has an ownership interest in and/or is a shareholder of Tai Tai Japanaese Hawaiian, LLC.

21. At all times material to this action, Defendant Conwell actively participated in the business of the Sushi Sasa restaurant.

22. At all times material to this action, Defendant Conwell exercised substantial control over the functions of the restaurant's employees including Plaintiff. For example, Defendant Conwell had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

23. At all times material to this action, Defendant Conwell was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Oscar Zamora**

24. Plaintiff Oscar Zamora is a resident of Denver, Colorado, which is in Denver County.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 4

25. Plaintiff Zamora worked for Sushi Sasa as a cook from January 1, 2016 to March 16, 2020.

26. As a cook, Plaintiff's duties and responsibilities were to prepare ingredients and food for the restaurant and its patrons.

27. At all times material to this action, Plaintiff Zamora was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

28. In this position, Plaintiff Zamora regularly handled supplies and other goods that originated outside of Colorado.

29. Plaintiff's primary supervisor was Defendant Wayne Roy Conwell.

30. Plaintiff estimates that generally he worked approximately 70 hours per week.

31. While working in this capacity, Plaintiff was expected to record time worked by logging his time and out on a point of sale ("POS") station inside the restaurant.

32. Defendants are or should be in possession of all employees' time records, including Plaintiff's.

33. Plaintiff Zamora typically worked two shifts per day; his first shift began at 10:00 AM and ended around 3:00 PM, and his second shift started at about 4 PM and ended between 11 PM and 12 AM.  He usually worked 6 days per week.

34. Other than the time between his two shifts, Plaintiff Zamora generally did not get a break time in which he was relieved of all duties.

35. While in this position, Plaintiff Zamora's pay scheme was on an hourly basis.

36. Plaintiff Zamora's rate of pay varied over the years. He was paid $14 per hour for about a year, $14.25 per hour for another year, $16.25 for about two years, and from December 2019 until March of 2020, he was paid $18 per hour.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Zamora v. Sushi Sasa
USDC, District of Colorado

Complaint
Page 5

37. The Defendants reverse-engineered Plaintiff's paystubs to pay him at his "straight-time" rate for all the hours he worked, instead of properly paying him at his overtime rate when appropriate. Essentially, they made it look like he was being paid "time and a half" for overtime hours, when in fact he was not.

38. For example, for the weekly pay period ending March 8, 2020, Plaintiff Zamora worked 70.26 hours. 70.26 hours times his hourly rate of $18/hour (with no overtime premium pay) would be $1,264.68. For that week, Plaintiff's paystub in fact shows him receiving gross pay of $1,264.32, and the paystub indicates that he only worked 60.16 hours that week. (40 hours times $18 per hour, plus 20.16 hours times $27 per hour = $1,264.32).

39. Plaintiff Zamora was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 that he worked in a workweek. He was paid for the hours he worked but only at a straight time rate rather than an overtime rate. For weeks in which he worked about 70 hours, this is mathematically the same as if Defendants had shorted his time by 10 hours of pay (i.e. because 30 hours of "straight time" = 20 hours of 1.5x "straight time").

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

40. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

### *Failure To Pay Time Overtime Properly*

41. Defendants failed to compensate Plaintiff at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 6

*Record-Keeping Failures*

42. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

43. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

44. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

45. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

46. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

47. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

48. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 7

b. Defendants employed the Plaintiff in a business or enterprise that prepares and offers for sale, food or beverages for consumption either on or off the premises, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(C).

49. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

50. Plaintiff worked more than 40 hours at least some workweeks.

51. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

52. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

53. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

54. Defendants violated the CWA as implemented by the Wage Order when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

55. For any and all time worked by Plaintiff, or to be credited to Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Respond to Wage Demand*
**(Violation of the Colorado Wage Act, C.R.S. § 8-6-109)**

56. Through counsel, Plaintiff propounded a demand for payment of wages dated April 29,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 8

2020.

57. Defendants did not tender any payment to Plaintiff or his agents within 14 days of this wage demand letter.

58. Defendants' failure to tender payment was willful.

59. Therefore, Plaintiff is entitled to the statutory damages set forth in C.R.S. § 8-6-109.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

60. Plaintiff has been separated from employment with Defendants.

61. Defendants failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment, as set forth above.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1)**

62. Defendants did not pay Plaintiff for all of his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order 7 C.C.R. 1103-1(8).

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1(12))**

63. Defendants failed to maintain a ***true and accurate*** record for each employee, including Plaintiff, of the following information:

    c. name, address, social security number, occupation and date of hire

    d. date of birth, if the employee is under eighteen (18) years of age

    e. daily record of all hours worked

    f. record of allowable credits and declared tips

    g. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

*Damages*

64. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)   Award Plaintiff unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B)   Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)   Award Plaintiff liquidated damages as provided for by Colorado law; and

(D)   Award Plaintiff interest; and

(E)   Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)   Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **14th** day of **May, 2020.**

ANDERSONDODSON, P.C.

s/ Penn Dodson
**Penn A. Dodson**
penn@andersondodson.com
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Zamora v. Sushi Sasa*
USDC, District of Colorado

Complaint
Page 10